The judgment of the court was pronounced by
Rost, J.
The defendant, who is a judgment creditor of the plaintiff’s husband, caused to be seized under execution, certain property apparently in his possession.
The plaintiff enjoined this proceeding, on the groumj that the property seized was her own, and had been transferred to her by her husband, for the purpose of replacing her dotal and paraphernal property and money alienated or disposed of by him during marriage, as authorized by art. 2421 C. C.
The district court perpetuated the injunction, and the defendant appealed. The district judge was of opinion, that the plaintiff had established her claim to the amount of nearly $6000, and the evidence in the record justifies that conclusion. It is all for paraphernal property, except an item of $450 received by the husband for rents of paraphernal estate which belongs to the community; deducting this sum from the amount proved, the balance will exceed $5500.
It is shown that Rabassa and his wife settled jointly on each of her two daughters the sum of $1000 at the time of their marriage; but it is not shown that these sums have been paid; if they have been, one-half of their amount being deducted from the claim of the plaintiff, leaves her the creditor of her husband for upwards of $4500.
It is urged, and it may be conceded that it is proved, that the property given in payment to the plaintiff was worth nearly double that amount; but at the time of the transfer that property was subject to a mortgage in favor of the *494 heirs of Pigneguy, orignally given for a debt of 18000, exclusive of interest. A part of this debt had been paid, and for the unpaid part a judgment was obtained, under which a large portion of the property mortgaged was surrendered in execution to the sheriff by the husband and wife, and sold in satisfaction of the judgment. According to the testimony, the property remaining after the sale is not sufficient to pay the amount proved to be due to the plaintiff. We are unable to see any interest which the defendant can now have in attempting to set aside the transfer made to her. If it was shown that the property remaining in her possession was more than a fair equivalent for her claims, we might feel authorized to order a re-sale of it, on requiring from the defendant bond and security that it would bring a sum sufficient to pay her and defray all expenses attending the proceeding. But, under the evidence, such an order would be vain and fruitless.
It has been alleged, in behalf of the appellant, that Rabassa first sold the property in controversy to his son-in-law, and that in that sale the plaintiff intervened and renounced her mortgage; that after the renunciation the judicial mortgage of the defendant attached on the property, and has now the precedence of the plaintiff’s claim.
It would be so if the defendant claimed under the sale made by Rabassa. But, as she claims adversely to it, the argument proves too much; for if the sale was real, and the property passed in the hands of the purchaser free from the wife’s mortgage, Rabassa had no longer any right or interest in it. The judicial mortgage could not affect it, nor could it be seized under the defendant’s execution.
The defendant proceeds on the assumption, that the sale by Rabassa was simulated; and the fact is conceded on all hands. The sale being unreal, the renunciation of the plaintiff, which it contained, could produce no legal effect.
The giving in payment was in proper form; no law requires that the property should be sold at public auction, orthat the sale should be made under the supervision of the judge. Art 2421 clearly contemplates an ordinary contract of sale.
The judgment is therefore affirmed, with costs.